DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for two counts of robbery and one count of grand theft entered on a guilty plea in the Lucas County Court of Common Pleas.
 {¶ 2} On April 8, 2005, at 9:10 a.m. a lone man carjacked a vehicle from a woman in the Owens Corning parking lot in Toledo. An hour later, the same man made off with $4,198 from a south Toledo bank. The next day the same man robbed the same bank of an additional $4,009. Police arrested appellant, Daniel James Casey, the next day. On April 20, 2005, the Lucas County Grand Jury indicted appellant on three counts of robbery, each felonies of the second degree. Appellant initially pled not guilty to the charges, but later, as the result of a plea agreement, entered a plea of guilty after amendment of one of the charges to grand theft and the prosecutor's recommendation for partial concurrent sentences.
 {¶ 3} Following a plea colloquy, the court accepted appellant's plea and sentenced him to five year terms of imprisonment for each of the robberies, consecutive to each other, but concurrent to an eleven month term for grand theft. From these judgments, appellant now brings this appeal, setting forth five assignments of error.
 {¶ 4} Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 I. Sentencing {¶ 6} Appellant's first, third, fourth and fifth assignments of error all go to sentencing issues. In his first assignment of error, appellant asserts that the manner in which the court imposed consecutive sentences on him violated his Sixth Amendment right to trial by jury as articulated in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and its progeny. The state concedes this point and agrees that the case must be remanded to the trial court for resentencing. See Foster, ¶ 103 et seq. Both parties are correct. Accordingly, appellant's first assignment of error is well-taken. Since appellant's assignments of error three through five address other purported errors in sentencing, the issues presented are moot.
 II. Civ. R. 11 {¶ 7} In his second assignment of error, appellant insists that his Crim. R. 11 plea colloquy was inadequate because the court failed to expressly inquire of appellant as to whether his plea was knowingly and voluntarily made.
 {¶ 8} Crim. R. 11 does not require that the court directly ask a defendant whether his plea is knowing and intelligent, but directs that the court shall not accept a felony guilty or no contest plea without, "[determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *." Civ. R. 11(C)(2)(a). The rule requires a determination, not an express question.
 {¶ 9} In reviewing the plea colloquy in this matter, we observed that the court meticulously lead the defendant through a series of questions and notifications by which it could have, and indeed did, determine that appellant's plea was voluntary. Moreover, the court incorporated into its record plea agreements, signed by appellant in open court, on which appear the statement, "I enter this plea voluntarily."
 {¶ 10} The plea colloquy in this matter was in perfect conformity with Crim. R. 11. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is vacated, in part, and this matter is remanded to said court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.